The next argument will be in cases number 25957 and 25971, United States v. Owens. Anne Silver on behalf of the appellant Theodore Owens. This is a straightforward appeal raising a straightforward issue. Does the district court commit procedural error by failing to calculate or consider the guidelines range prior to imposing sentence? Is there any issue about the calculation? There were two potential guidelines range going into this violation proceeding. There were allegations in the violation petition that would support a class B, a grade B violation, which had a different guidelines range. Was that argued? The district court asked, the government elected not to put on evidence that would support those allegations. So it was not. So the calculation that was used, there's no challenge that that's the correct one, right? I mean, this is a consideration challenge. It's not a calculation challenge. Well, to the extent that we don't know what the court understood the guidelines range to be at the time it imposed sentence, it is a question of whether or not the court was considering the guidelines range. I think that is open based on the ambiguity in the record as to what the district court understood at the time it imposed sentence. Didn't the district court invoke the PSR? I mean, I thought that it was stated correctly in the PSR and the parties had agreed on it, on the range. The violation report? Are you referencing the violation report which contained the guidelines range? I thought it was in the PSR. Because this was a supervised release violation. Oh, okay. I'm sorry. Yes. The violation report then. I just want to make sure I understood the question. The court did reference that violation report. However, after the court, the court never orally stated the guidelines range on the record. And after sentence was imposed, when counsel raised an objection that the court had failed to advise the parties it was considering an upward variance or departure, the district court responded in what I took to be surprised, what's the guidelines range the defense was anticipating. And had the district court stated the record, stated the guidelines range at the beginning of the proceeding or orally stated that it was considering the guidelines range, we could potentially chalk that up to an inartful remark. But the court did not. And that remark, combined with the court's failure to acknowledge the guidelines range earlier in the proceeding, creates at the very least significant ambiguity as to what the district court understood at the time that it imposed sentence. Is this an implied error? Our position is that this error has been reviewed, has been preserved for harmless error review. There was a specific objection to the guidelines, to the imposition of an above-guidelines sentence. I'm sorry, there was an objection to the imposition of what? An above-guidelines sentence. An above-guidelines sentence, that doesn't challenge the guidelines. However, I also think that this, Mr. Owens would prevail even if this were raised on plain error review. The court's obligation to calculate the guidelines is not, or consider the guidelines, is not something that is in dispute. It's repeated information. I want to follow up just a minute on Judge Radley's question. Are we hearing plain error or something else? We have contended that it is harmless error review, but that Mr. Owens would prevail under either standard of review. And your argument for why it's harmless error review is you're arguing that you preserved the argument? That it was preserved by the? By arguing against an above-guidelines sentence? Yes, and there are cases. I'm not sure I understand that. You're going to have to help me. Yes, so a district court, and this is primarily based on, I would say, acknowledges out-of-circuit case law, where they've suggested that there's a somewhat reduced standard for preserving appellate issues in the context of sentencing for a variety of reasons. What does that mean? There's a whole body of law about how you preserve, and you're saying that there's a sweeping principle that provides that in the sentencing context. Help me understand how you come to that conclusion. Yes, so let me just So the court knows that it has an obligation to calculate and consider the guidelines. When there is an objection raised to the procedural fairness of a sentence, the judge is at least on notice, and particularly here where there's a specific challenge made about the guidelines nature, about an opposition above-guidelines sentence, that the guidelines are an issue. So the court had a lot of opportunity during the objections portion of the proceeding to clarify that it had, in fact, considered the guidelines range and deliberately imposed an above-guidelines sentence, and that's not what the district court did here. What is the guideline range in the probation report? There is only one guidelines range listed there. It is the three to nine month range. Right, and what's the guideline range that was in the defense submission to the district court in advance of sentencing? It was three to nine months, although it acknowledged that there was a potential for, if the court found a grade B violation, for it to be four to ten months. Well, what's the basis for thinking that the judge did anything but take the three to nine months in the probation report in the defense submission when there's no argument for anything else? Well, it's the district court's own words, which is when there was an objection lodged, the district court did not say, I deliberately imposed an above-guidelines sentence. The district court said, what's the guidelines range the defense was anticipating? And I think that's a very strange setting aside. I will note that I was counsel below. I took that to be surprised. I'm sorry, what did you say? I was counsel at the trial court level, so I took the court's words and tone to be that of surprise. But even setting that aside, I think that statement is just a bizarre statement for a judge to make. I'm sorry, I couldn't hear what the court's question was. Well, again, this is the part where the fact that the court failed to state that it had calculated and considered the guidelines range combined with this, as I said, bizarre response to the objection. I think that at the very least, creates record ambiguity as to what the court considered. Thank you. You said when you were there, right? I was. And so when you heard this question, this statement by the judge that you felt was bizarre, what did you do? What did you say? We continued to make our objections. The court clarified at that point that there was a variance and we continued to make objections as to why the sentence was procedurally unreasonable, including that the district court erroneously considered the fact of Mr. Owen's arrest, that the district court relied too heavily on the question of general discretion. Specifically that the court, that counsel stated that the guidelines range was three to nine months. Sorry? I stated that the guidelines range was three to nine months and the court had imposed an upward variance without notice to the parties. So when I first asked you whether calculation was really not an issue in this case, it was an effort to clear away that focus on what I do consider your arguments that have some basis in the record. If I can just take a moment because you're already past your time on your argument about the consideration of unproved conduct. Yes. Now the district court expressly disavowed that it was considering the conduct. It said it was considering only the fact that there were arrests. Now tell me why you think that's a problem. I don't think the fact of an arrest is particularly significant unless the conduct that would support the basis for the arrest is proven to be correct. And I think for that reason that an individual on supervised release is arrested. That's not a violation. Well, the district court seems to be looking at the fact that there was clearly a poor adjustment to supervision by the defendant and thought that that was reflected in part by the arrests. Whether or not the conduct was proved, it suggested a poor adjustment to supervision. Is that problematic? I do because it depends on the nature of the arrest and what the basis is for the arrest. If the basis for the arrest is someone called in and made a complaint about you and then the police come and say we're arresting you on these charges, which was the basis for two of Mr. Owen's arrests that have since been nollied by the state. The fact that he was arrested is totally irrelevant unless the underlying conduct that was alleged has some basis in fact. Well, it wasn't only the arrests that reflected the poor adjustment to supervision. There were a number of other factors and that makes me wonder whether this is error that would warrant any kind of consideration. For instance, the failures to report. I mean some of the matters relate to drug use, I believe, and I think you dismissed that in your brief as a technical violation. I have a problem viewing it as technical given that it's criminal conduct. What am I missing? His drug use was primarily marijuana and I think courts will weigh that differently and whether or not they... That may go to weight, but it's not a technical violation. Many judges within the District of Connecticut treat it as a technical violation. We typically do not see drug use, even of drugs other than marijuana, lumped into having committed a new crime prong of the supervised release conditions. It could be in many instances, but that's not how it's treated in part because supervised release recognizes that substance use disorder is something that warrants treatment, not criminalization. There's an explicit carve-out in this supervised release sentencing rules about people who have engaged in drug treatment. In any event, we've kept you past your time. Thank you. Thank you. Thank you, counsel. We'll hear from the government. Good morning. Daniel George for the United States. May it please the court. The appellant, Theodore Owens, admitted that he had violated his supervised release 14 times in just one year after his release from prison on gun and conspiracy charges. Any one of those violations would have resulted in a guidelines range of three to nine months imprisonment. Taking them all together, all 14, the district court imposed an entirely reasonable sentence of 12 months imprisonment, just modestly above that guidelines range, after clearly explaining that it considered all of the sentencing factors in section 3583E, which incorporates certain of those in 3553. The district court imposed sentence in a hearing in which the court, the probation office, and both parties clearly understood that the applicable guidelines range was three to nine months imprisonment. It imposed sentence based on a number of clearly stated factors, none of which included the arrest violations, which the court expressly stated that it had not relied on in various ways, by my count, at least nine different times. And it imposed sentence after properly weighing the 3583 factors, along with the party's submissions and arguments, and arriving at that modestly above guideline sentence to account for not just one, but over a dozen ways the defendant violated his supervised release beginning immediately after his release from jail. This court should affirm the district court's judgment. I'd welcome questions, but I'd start with the issue that you were just discussing with my friend on the other side here about the guidelines. There's no doubt that there is a requirement for the sentencing court to calculate and consider the applicable guidelines range at the time of sentencing. To say, though, that the court's own case law, including for Cochlea, which in this case serves as what I would consider a veritable Swiss army knife for the issues raised in the appellant's briefs. And there, the court explained that while it's nice and it makes review certainly easier for this court, or any reviewing court, to analyze what happened below if there is such a discussion, it is not required. That was on plain error view, but the court said there was no error at all, so it didn't matter the standard. That's exactly what we have in this case here. The district court said clearly that it had reviewed the party's submissions. On page one of the defendant's submission before sentencing in this case, the defendant explained that the parties had reached an agreement about the guidelines that would apply because there would not be, or the government would not pursue any of the violations that would result in the higher range. It was clear, the parties agreed, the court knew that, and it said it had read the defendant's submission. The probation office, as your Honor pointed out, included only one range in the probation violation packet. That was three to nine months. The court clearly understood that and read from the probation violation packet at the hearing. That, and for Cochlead, in this court's case, said that having read that, understood that, that being the clear range that applied was sufficient to affirm the district court sentence, just like it is here. On the issue of arrests, and I'm happy to take other questions on the guidelines range, but there was no error, let alone plain error or anything else. On the issue of arrests, what matters there... Well, what do you make of the district court's ruminations about general deterrence? On general deterrence, your Honor, the district court explained that it was imposing a sentence to not only specifically deter the defendant, but also generally deter those like him. It's a perfectly appropriate... To generally deter all the people who were incarcerated with him in that case? That's not what the district court explained, your Honor, initially. When the district court imposed sentence, it said that it was important for other people on supervision to understand that there would be consequences for violating the terms of that supervision. It said that that mattered not only for just compliance generally, but also to enable probation to do their job, which is to enforce the conditions, to ensure that people who are coming out of prison take their conditions, the court-imposed conditions, seriously. And then it was only after the objections raised by the appellant in this case, and then the issue saying that, well, deterrence can't really be a main factor here because press releases don't go out, that evoked this discussion about press releases, about jailhouse lawyers. But what the district court did in the first instance was what district courts do every day. They look at the sentence. They look at the violations or the crime before them and cite the need for deterrence. That has existed in 3553 and incorporated in 3583, since at least the Comprehensive Crime Control Act of 1984. It's been around forever. And this has affirmed a similar argument in the Smalls case, where there is almost identical reasoning. This court said it was entirely appropriate for the sentencing court to explain deterrence, just like the district court did here. But the judge said that, although there are no public notices involving people that someone is being sentenced to a period of incarceration for having violated conditions of release, other people in the facility where they are incarcerated will know that they receive a period of incarceration. Yes, Your Honor. Where does that come from? Well, I think it's a common experience that judges can rely on to know that when they sentence somebody to prison, those around them will know when that person comes back, or if they don't come back, by walking out the back door at the time of sentencing. But again, I would draw the court- Is that supposed to generally deter them when they get out and they're on supervised release from violating? Is that your argument? Absolutely, Your Honor. I do think that matters, is that if somebody's in prison on an initial sentence or on a supervised release sentence, and they see people coming back, I'm going in because I have a violation hearing for X, Y, and Z. When they come back, people know that they came back. When they don't, they know that as well. But that's not the primary deterrence justification that the court cited in this case. And I would draw the court's attention back to the record of JA119, where the court- Were you counsel below? I was not, Your Honor. I was not. So I've studied the record. I've read what the court said. No, you're not. You're stuck. Certainly. And as I was mentioning, I draw the court's attention back to JA119, where the court, before imposing or announcing its intention to impose any sentence, described general deterrence in a way that has been approved by this court throughout the years, including in 2008 in the Smalls case with almost identical reasoning. Your Honor, excuse me, and what this ultimately comes down to is whether this sentence of 12 months is substantively reasonable. And great deference, as this court has explained, is owed to the sentencing court in these circumstances, particularly because it is a supervised release proceeding where the sentencing court has unique insights into the circumstances surrounding the initial sentence, the defendant, the history with the defendant, and what's been going on while on supervision, which in this case was a violation at a rate on average of over one per month in the one year that this defendant had been out. Before I wrap up, I do want to just discuss very briefly this issue about the question that the judge raised at the time of sentencing about the guidelines range. As I said before, Your Honors, all of the parties were operating in an ecosystem where the guidelines range was known, and the judge said that he had considered all the factors, which includes that. The question was unremarkable. It was not a statement. I did not understand that. It was simply asking counsel what she thought the guidelines range that applied was. It was a confirmatory question, and what follows or the absence of what follows I think is equally important because the court did not say, well, how did you arrive at that? That's different than what I expected. Anything. The court immediately went on and just explained this is a variance. There's nothing remarkable about that question that would upend this court's years of case law that presumes that the district court did what it was supposed to do at the time of sentencing, including calculating and considering a guidelines range, even when it's not stated specifically on the record. And unless the court has any questions, the United States would rest on its brief and submits that the court should affirm the judgment. Thank you, counsel. We'll hear rebuttal. A number of these questions are driving at this issue of why this case is different than, I'm going to mess up the name of the case, but Verko had, whatever that case was, it was cited heavily in reference. And some of the other sentencing cases where there's essentially a presumption that the court did its job to consider the statutory factors. And this case is different because there's no explicit reference to the guidelines range. I'm sorry. There's no explicit reference to the guidelines range by the court. There is evidence in the record that the district court may not have known the range prior to imposing sentence and the court here imposed an above guidelines variance. And that should require the court to explain on the record why a variance above the guidelines range specifically, not just the sentence generally, was warranted. That did not happen here. And there is a loss to public transparency and the functioning and the trust in the court when that does not happen in a courtroom that was, in this case, full of Mr. No one, either probation or the government, asked for an above guidelines variance. That was something the court did on its own accord. And that the presumption that we have of statutory, that a court has discharged a statutory obligation doesn't apply when there is record evidence that the court did not fulfill its obligations. And again, there's record evidence here based on the court's statements. Turning briefly to the question of general deterrence, general deterrence is something the court may consider, but that doesn't mean that the court can consider whatever theory of general deterrence that it thinks is appropriate. It has to be a theory that is at least based in some indicia of reliability. And when counsel asked the court to explain its theory of general deterrence as applied to a supervised release violation, the answer was not something that has a basis in reliability. Even in the government's formulation on the record here, the government relied on the idea that someone is coming back to court and they're saying, here's what I got sentenced for. Here's what I was in court for. That relies on the idea that inmates are talking to each other and that there is some accuracy in what they're reporting to each other. Why do you think that's not something a district court can consider? I think there's a basis to think that prisoners talk about each other, know each other's sentences, know why they're sentenced. This arises particularly with respect to concerns about knowledge of cooperator's sentences and why they're being brought to jail and all that. So the knowledge that someone is in jail for a supervised release violation doesn't strike me as something that wouldn't be generally known. What am I missing? The fact that, as I'm sure most folks who have worked with a lot of criminal defendants could tell you, is that the information that's being exchanged is not accurate. That being exchanged in detention facilities is not accurate and that most people who are communicating these things lack the legal training really to explain the basis for a sentence or why this is different from this case. Prisons are awash with legal misinformation. You don't think that people would understand when they said, I violated my supervised release? Well, it depends on the idea that Mr. Owens went back to Wyatt and said, I violated my supervised release. I don't think we have any basis to believe that he did that. And a lot of folks in detention centers actually lie about what they're in for because they don't want to be targeted for certain reasons. Just assuming that Judge Williams' theory of general deterrence is not rock solid, so what? In this case, it was the combination of errors that leads the sentence to be procedurally unreasonable. If that was the only issue in the sentencing, I think we'd have a different case on appeal. But there were several errors. There was the guidelines consideration issue that we've highlighted. There was the fact that the fact of his arrest were considered. There was this long digression about general deterrence and what, who knows, inmates knowing who's violating and that sort of thing. And when you add all these things up, you get to a sentence that is procedurally unreasonable and warrants remand for resentencing. Thank you. Thank you, counsel. We'll take the case under advisory.